# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>           Plaintiff,<br><br>     v.<br><br>JASPREET SINGH KHAIRA,<br><br>           Defendant. | No.  1:24-cv-00155-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff, Edward Torres ("Plaintiff"), a prisoner who is proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915.

## I.

## SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints).  The Court exercises its discretion to screen Plaintiff's complaint in this action to determine whether it fails to state a claim on which relief may be granted.

1

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez, 203 F.3d at 1127-29; Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915. Plaintiff names Jaspreet Singh Khaira ("Defendant") as the sole Defendant in this action. (ECF No. 1 at 3, 5.) Plaintiff indicates he is suing Defendant, an employee of a gas station and son of the store manager, in his "official capacity." (Id. at 3.) Plaintiff alleges that on April 2, 2023, he was exiting a Valero Gas Station in Bakersfield, California when the Defendant chased Plaintiff down, physically assaulted Plaintiff using Defendant's bracelet as a weapon, and provided false testimony to the Bakersfield Police Department which resulted in Plaintiff's conviction for a violent felony. (Id. at 5.)

///
///
///
///

## III.

## DISCUSSION

A.  **Plaintiff's Claims**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)).

An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Atkins, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). While the defendant need not be an employee of the state to act under color of state law, he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). Courts use four different tests to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002).

3

Here, Plaintiff fails to allege facts that plausibly support the conclusion that Defendant was "acting under color of state law." Under the section of the form complaint directing Plaintiff to explain "how each defendant acted under of color of state or local law," Plaintiff states Defendant "physically assaulted [Plaintiff] and made false statements in police report that resulted in violent felony conviction case # BF194365A." (ECF No. 3.) Even accepting Plaintiff's allegations as true, the Court reasonably infers that Defendant, who Plaintiff only alleges is an employee of the Valero Gas Station and son of the store manager, was not acting under color of state law. Plaintiff's claims therefore arise from Defendant's purely private conduct allegedly taken in his capacity as an employee of a privately-owned gas station. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

Moreover, Plaintiff fails to state how Defendant deprived him of rights secured by the Constitution or federal law. Under the section of the form complaint directing Plaintiff to explain which civil right has been violated, Plaintiff states "Federal civil rights violation, Title 42. Section 1983." (ECF No. 1 at 5.) Plaintiff does not cite any constitutional or federal right that forms the basis of his section 1983 cause of action elsewhere in the complaint. Rather, Plaintiff's claims against Defendant are for assault with a bracelet and "making false statements in a police report that resulted in violent felony conviction." (Id. at 3.) While Plaintiff may be able to prosecute such claims in a proper state court, his action may not remain in this Court absent federal jurisdiction. Due to Plaintiff's pro se status, Plaintiff shall be granted an opportunity to file an amended complaint, if appropriate. See Fed. R. Civ. P. 15(a)(2). In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. If Plaintiff fails to comply with this requirement, the amended complaint shall be stricken from the record.

/ / /

/ / /

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez, 203 F.3d at 1127. Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Finally, Plaintiff's amended complaint may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**March 11, 2024**__

UNITED STATES MAGISTRATE JUDGE