# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASPREET SINGH KHAIRA,<br><br>　　　　Defendants. | Case No. 1:24-cv-00155-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM; FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 1, 10)<br><br>**OBJECTIONS DUE WITHIN THIRTY DAYS** |

## I.

## INTRODUCTION

Plaintiff Edward Torres ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 2, 2024, against Jaspreet Singh Khaira ("Defendant"). (ECF No. 1.) An order issued on March 11, 2024, providing Plaintiff with thirty days in which to file an amended complaint. (ECF No. 10.) In the March 11, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order. (Id. at 5.) More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the March 11, 2024 order. For the following reasons, the Court shall recommend the action be dismissed for failure to state a

1

claim and failure to prosecute/comply with a Court order.

## II.

## SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints). The Court exercises its discretion to screen Plaintiff's complaint in this action to determine whether it fails to state a claim on which relief may be granted.

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez, 203 F.3d at 1127-29; Lucas v. Department of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

## III.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915. Plaintiff names Jaspreet Singh Khaira

("Defendant") as the sole Defendant in this action. (ECF No. 1 at 3, 5.) Plaintiff indicates he is suing Defendant, an employee of a gas station and son of the store manager, in his "official capacity." (Id. at 3.) Plaintiff alleges that on April 2, 2023, he was exiting a Valero Gas Station in Bakersfield, California when the Defendant chased Plaintiff down, physically assaulted Plaintiff using Defendant's bracelet as a weapon, and provided false testimony to the Bakersfield Police Department which resulted in Plaintiff's conviction for a violent felony. (Id. at 5.)

## IV.

## DISCUSSION

### A.  Failure to State a Claim

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)).

An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Atkins, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. Price v. State of Hawaii, 939 F.2d 702, 707–08 (9th Cir. 1991). In addressing whether a private party acts under color of law, the court starts "with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). While the defendant need not be an employee of the state to act under color of state law, he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). Courts use four

different tests to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton, 192 F.3d at 835–36. "Whether a private party engaged in state action is a highly factual question[,]" in which the nature and extent of the relationship between the defendant and the state is crucial. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002).

Here, Plaintiff fails to allege facts that plausibly support the conclusion that Defendant was "acting under color of state law." Under the section of the form complaint directing Plaintiff to explain "how each defendant acted under of color of state or local law," Plaintiff states Defendant "physically assaulted [Plaintiff] and made false statements in police report that resulted in violent felony conviction case # BF194365A." (ECF No. 3.)  Even accepting Plaintiff's allegations as true, the Court reasonably infers that Defendant, who Plaintiff only alleges is an employee of the Valero Gas Station and son of the store manager, was not acting under color of state law. Plaintiff's claims therefore arise from Defendant's purely private conduct allegedly taken in his capacity as an employee of a privately-owned gas station. "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

Moreover, Plaintiff fails to state how Defendant deprived him of rights secured by the Constitution or federal law. Under the section of the form complaint directing Plaintiff to explain which civil right has been violated, Plaintiff states "Federal civil rights violation, Title 42. Section 1983." (ECF No. 1 at 5.)  Plaintiff does not cite any constitutional or federal right that forms the basis of his section 1983 cause of action elsewhere in the complaint. Rather, Plaintiff's claims against Defendant are for assault with a bracelet and "making false statements in a police report that resulted in violent felony conviction." (Id. at 3.)  While Plaintiff may be able to prosecute such claims in a proper state court, his action may not remain in this Court absent federal jurisdiction.

For the foregoing reasons, the Court finds Plaintiff fails to allege facts sufficient to state any cause of action. In its March 11, 2024 screening order, the Court provided Plaintiff an opportunity to amend his complaint to cure the identified pleading deficiencies. (See ECF No. 10 at 3-4.) Plaintiff's failure to file an amended complaint, despite being given the opportunity to do so, demonstrates an inability or unwillingness to cure the identified pleading defects. Accordingly, the Court recommends that the complaint be dismissed, without prejudice.

### B. Failure to Prosecute/Comply with a Court Order

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of March 11, 2024. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's March 11, 2024 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a District Judge

that this action be dismissed consistent with the reasons stated in this order." (ECF No. 10 at 5.) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim. His noncompliance warrants dismissal.

## V.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to state a claim and failure to prosecute/comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within thirty (30) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **April 18, 2024**

_____
UNITED STATES MAGISTRATE JUDGE